UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

                              Case No. 13-CR-58

HUA JUN ZHAO,

      Defendant.

**STIPULATED PROTECTIVE ORDER**

      Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 1835, plaintiff United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Stephen A. Ingraham, Assistant U.S. Attorney, and the defendant, Hua Jun Zhao, by his attorney, Michelle L. Jacobs, hereby stipulate and agree to be bound by the terms of the following protective order to govern the production of discovery materials in this matter, as the parties expect to make certain materials available in Rule 16 discovery that may constitute trade secrets, as that term is defined in Title 18, United States Code, Section 1839(3), and/or confidential and proprietary business information. The terms of this stipulated order are as follows:

1. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, both parties shall make discovery, including any trade secrets, and/or confidential and proprietary business information, available for inspection and copying by opposing counsel.

2. <u>Confidential Materials</u>: To the extent that either party believes in good faith that any materials that the party produces in discovery constitute trade secrets, and/or confidential and proprietary business information, the producing party shall designate the material as such. Designated materials shall be referred to in this Stipulated Protective Order as "Confidential Materials." The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

3. <u>Manner of Designation</u>: In the case of written, tangible, or documentary discovery material, the Producing Party shall stamp each page of the document "Confidential – Subject to Protective Order" in a manner that is readily distinguishable from any pre-existing confidential designation. In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media as "Confidential – Subject to Protective Order." All information on any electronic storage media produced in discovery and labeled as "Confidential" shall be treated as Confidential Material in accordance with the terms of this Stipulated Protective Order. If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Producing Party in writing of its objection and the reasons therefore. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the Court by way of motion. The Receiving Party shall continue to treat such information as Confidential Material pending resolution of its objection.

4. <u>Limitation on Use</u>: The Receiving Party shall use Confidential Materials exclusively in connection with this case (including pre-trial investigation, trial preparation, trial, and appeal), and not for the economic benefit of any individual, entity, or party, or any commercial, business, or other purpose.

5. <u>Limitation on Disclosure</u>: Confidential Materials produced by the United States shall be disclosed only to defense counsel whose signatures appear below, the defendant, and any staff employed by defense counsel's law firm that defense counsel deems reasonably necessary to review the materials in connection with the preparation of the defense of this case and who execute the Acknowledgment attached hereto as Appendix A prior to receiving access to the Confidential Materials. Confidential Materials produced by the defense shall be disclosed only to the attorneys for the United States whose signatures appear below, and such other attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Eastern District of Wisconsin, the United States Department of Justice, and the Federal Bureau of Investigation) as the United States deems reasonably necessary to review the materials in connection with the prosecution of this case.

6. <u>Procedure for Disclosure</u>: At least seven business days before disclosing Confidential Material pursuant to paragraph 5 of this Order to any party other than the defendant and attorneys whose signatures appear below, the Receiving Party shall notify the Producing Party in writing of the identity of the person or persons to whom they intend make disclosure. Within the seven business day period, the Producing Party may object in writing to the disclosure for good cause shown. If the parties are unable to resolve any such objection, the Receiving Party may seek relief from the Court by way of motion. No Confidential Material may be disclosed until any and all objections to the disclosure are resolved. If no objection is received within the seven day period, the

Receiving Party may make disclosure, provided that the individual to whom disclosure is made certifies that they have read, understand, and agree to the terms of this Stipulated Protective Order, and executes the Acknowledgment attached hereto as Appendix A.

7. <u>Maintaining Confidential Materials</u>: The Receiving Party shall maintain any Confidential Materials produced pursuant to this Stipulated Protective Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, Confidential Materials shall be maintained in a locked area along with a copy of this Stipulated Protective Order. Confidential Materials shall not be copied by the Receiving Party except as necessary in connection with preparing and marking potential exhibits for trial. To the extent that Confidential Materials must be downloaded to a computer for viewing, such computer shall not be connected to the Internet, to any computer network connected to the Internet, or to any computer network that would allow any person not authorized by the Stipulated Protective Order to view Confidential Materials. Under no circumstance shall Confidential Materials or copies thereof be transported or sent outside of the United States without prior Court approval.

8. <u>Inadvertent Disclosure</u>: If at any time prior to trial of this matter, a Producing Party realizes that some material produced in discovery that the Producing Party produced without designating it as Confidential Materials should be so designated, the Producing Party may so designate the material by: (a) apprising the Receiving Party in writing; and (b) providing a new copy of the material to the Receiving Party with proper designation. Upon receipt of notification pursuant to this paragraph, the Receiving Party shall: (a) maintain the Confidential Materials pursuant to the procedures set forth in this Stipulated Protective Order; and (b) return any and all copies of the non-designated material to the Producing Party.

9. <u>Expert Witnesses</u>: Notwithstanding any other provisions of this Stipulated Protective Order, a Receiving Party may disclose Confidential Materials to a potential expert witness under the following circumstances:

a. At least ten business days before making such disclosure, the Receiving Party shall notify the Producing Party in writing of the Receiving Party's intent to provide Confidential Materials to a potential expert witness, and shall provide the Producing Party with a copy of the potential expert witness's resume or *curriculum vitae*.

b. Within the ten business day period, the Producing Party may object in writing to the disclosure to the potential expert witness for good cause shown. The Receiving Party shall not retain an expert who works as a consultant, employee, officer, owner, director or agent to a competitor of the owner of any Confidential Material, and agree that such a relationship shall constitute good cause for objection. If the parties are unable to resolve any such objection, the Receiving Party may seek relief from the Court by way of motion.

c. If no objection is received within the ten business day period, the Receiving Party may provide a single copy of any Confidential Materials to the potential expert witness. Before doing so, the Receiving Party shall have the potential expert witness review and sign a copy of this Stipulated Protective Order. By doing so, the potential expert witness acknowledges that they have reviewed, understand, and agree to be bound by the terms of this Stipulated Protective Order, including paragraph 4 (Limitation on Use). In addition, by signing, the potential expert witness agrees to maintain the single copy of Confidential Materials provided to him or her in accordance paragraph 7 of this Stipulated Protective Order, and agrees not to make any further copies of such Confidential Materials.

10. <u>Disclosure to the Court</u>: Any court filings containing Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or descriptions thereof shall be clearly identified in such sealed filing.

11. <u>Return of Confidential Materials</u>: At the conclusion of these proceedings, or upon withdrawal or termination of counsel from this matter, the Receiving Party and any potential expert witnesses to whom Confidential Materials were disclosed shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased from any computer or computer system on which such materials were stored, and shall certify to the Court the steps taken. Compliance with this paragraph shall occur within 30 days of a triggering event.

12. <u>Violations</u>: Violations of this Stipulated Protective Order shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this Stipulated Protective Order consent to this Court's jurisdiction for purposes of enforcing this Order.

13. <u>Further Relief</u>: Nothing in this Stipulated Protective Order shall be construed as restricting either party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional Order to govern the use of any Confidential Materials at trial.

For good cause, SO ORDERED this <u>14th</u> day of May, 2013 at Milwaukee, Wisconsin.

BY THE COURT:

_____
AARON E. GOODSTEIN
United States Magistrate Judge
Eastern District of Wisconsin

I hereby acknowledge that I have reviewed and understand this Stipulated Protective Order, and agree to be bound by its terms:

| | |
|---|---|
| s/Michelle L Jacobs | s/Stephen A. Ingraham |
| MICHELLE L. JACOBS, ESQ. | STEPHEN A. INGRAHAM |
| Counsel for Defendant | Assistant U.S. Attorney |
| SBN 1021706 | SBN 1009890 |
| Biskupic & Jacobs, S.C. | Office of the United States Attorney |
| 1045 West Glen Oaks Lane, Suite 106 | 517 E. Wisconsin Ave., Room 530 |
| Mequon, WI 53092 | Milwaukee, Wisconsin 53202 |
| mjacobs@biskupicjacobs.com | stephen.ingraham@usdoj.gov |
| 262-241-0033 | 414-297-1700 |
| Fax: 866-700-7640 | Fax: 414-297-1738 |

# APPENDIX A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

By signing this Acknowledgment, I hereby acknowledge that:

(1)  I have received a copy of the Stipulated Protective Order issued in *United States v. Hua Jun Zhao*, Case No. 13-CR-58, and that I have read it, understand it, and agree to its terms;

(2)  I have personally reviewed and/or, through conversations with the attorney whose signature appears below, understand that I will have access to Confidential Materials that may contain trade secrets, and/or confidential and proprietary business information;

(3)   If I am not fully fluent in the English language, the Stipulated Protective Order and this Acknowledgment have been translated for me;

(4)    I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for purposes of enforcing the terms of the Stipulated Protective Order and punishing any violations thereof; and

(5) I hereby certify that I am a citizen or a lawful permanent resident of the United States of America.

_____
Name (Printed)

_____
Signature

_____
_____Address

_____
Name of Translator (if applicable)

_____
Translator's Signature

_____
Name of Attorney (if applicable)